IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOME LINE FURNITURE INDUS., INC. b/d/a HOME LINE INDUS., | : : : | CIVIL ACTION |
| Plaintiff, | : : | NO. 09-1713 |
| v. | : : | |
| BANNER RETAIL MARKETING, LLC, | : : : | |
| Defendant. | : | |

**PRELIMINARY INJUNCTION ORDER**

AND NOW, this 15th day of June, 2009, upon consideration of Plaintiff's Petition for a Preliminary Injunction, Defendant's Response (Doc. No. 8), the filing of the parties and the evidence presented at the hearing held before this Court on May 1, 2009, it is hereby ORDERED as follows:

1. Plaintiff Home Line Furniture Industries, Inc.'s ("Home Line") Petition for a Preliminary Injunction is GRANTED.

2. Defendant Banner Retail Marketing, LLC ("Banner"), its employees and contractors, successors and assigns or anyone claiming under it and anyone else having received or used any of Home Line's Trade Secrets or Confidential Information or received any benefit therefrom are hereby enjoined from using this information in violation of the Confidentiality Agreements entered into between Home Line and Banner in April, 2008 and September, 2008, and in violation of Pennsylvania Uniform Trade Secrets Law, and from copying, disclosing or using or

        allowing any other person to use the Trade Secrets and Confidential Information or any product, information, program or device derived from such information, and specifically prohibiting Banner's use of Home Line's Web Partners Program, or the use of the web-based program developed by Banner in 2008 to present, and prohibiting the use of related forms, templates, images, programs, devices, methods, techniques, processes or other related information and data or any part thereof or any similar program which has been or might reasonably have been derived from Home Line's Trade Secrets and Confidential Information.  Banner is specifically prohibited from selling, marketing or further developing the web-based program on which its employees Terri Johnson and William Sauther worked in connection with Zipline Interactive, and which is being marketed to numerous furniture manufacturers, including Ashley Furniture Industries, and which allows retailers to customize their own website through Banner's web-based program, until further order of this Court.

3.    Pursuant to Federal Rule of Civil Procedure 65(c), Plaintiff shall post a bond in the amount of $250,000.00.

                              BY THE COURT:

                              <u>s/ Joel H. Slomsky</u>
                              JOEL H. SLOMSKY,  J.